ORANGE VENTURES, INC., d/b/a Pure
Gold/Diamonds, Appellant,

v.

WORKERS' COMPENSATION BOARD
and Administrative Law Judge,
Appellees.

and

ORANGE VENTURES, INC., d/b/a Pure
Gold/Diamonds, Appellant,

v.

Walter W. TURNER, Commissioner
of Department of Workers'
Claims, Appellee.

Nos. 95–CA–3114–WC, 95–CA–3357–MR.

Court of Appeals of Kentucky.

May 3, 1996.

Petition for Review of a Decision of the Department of Workers' Claims, No. WC–95–027.

Philip E. Wilson, Earl S. Wilson, Jr., Wilson, DeCamp & Talbott, P.S.C., Lexington, for Appellant.

Andrew F. Manno, Dept. of Workers' Claims, Frankfort, for Appellees.

Before LESTER, C.J., and HOWERTON and KNOPF, JJ.

HOWERTON, Judge.

The two above-styled cases seek review of a decision of the Commissioner, Department of Workers' Claims, which dismissed appellant's appeal from an opinion and order of the Honorable Donna H. Terry, Chief Administrative Law Judge, dismissing appellant's contest of a civil penalty assessed pursuant to KRS 342.990(8). By order entered February 21, 1996, this Court required appellant to show cause why these two actions should not be dismissed as being outside the jurisdiction of the Court of Appeals. Having considered appellant's response thereto, the Court has determined that appellant has not shown cause and it is ORDERED that cases number 95–CA–3114–WC and number 95–CA–3357–MR be DISMISSED.

■ Case number 95–CA–3114–WC is a petition for review filed under CR 76.25. However, that Rule explicitly relates to the direct review by the Court of Appeals of decisions of the Workers' Compensation Board. Section (2) of the Rule makes a specific reference to KRS 342.285 which provides for Board review of the administrative law judge's awards or orders. Clearly, CR 76.25 has no application to the review of a decision of the Department of Workers' Claims.

■ Case number 95–CA–3357–MR is an appeal filed pursuant to KRS 342.990(7).

However, Kentucky Constitution Sec. 111(2) allows only the Supreme Court to authorize the direct review of decisions of administrative agencies of the Commonwealth by the Court of Appeals. Pursuant to SCR 1.030(3) and CR 76.25(1), the Supreme Court has authorized appeals to the Court of Appeals only from final decisions of the Workers' Compensation Board. Therefore, we conclude that KRS 342.990(7) which provides for appeals to the Court of Appeals from final decisions of the Department of Workers' Claims conflicts with Kentucky Constitution Sec. 111(2). We are of the opinion that review of those decisions must be initiated by original action in a circuit court. Ky. Const., Sec. 14; KRS 23A.010(1). *See Kendall v. Beiling*, 295 Ky. 782, 175 S.W.2d 489 (1943), and similar cases.

The Clerk of the Court of Appeals is DIRECTED to REFUND the sum of $125 to appellant, which represents one of the two filing fees paid to this Court by appellant.

All concur.